```
            IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| ADAM VERNON BURD, | HON. JEROME B. SIMANDLE |
| Plaintiff, | Civil No. 08-2600 (JBS/AMD) |
| v. | |
| WARDEN RICHARD P. HARRON, | **MEMORANDUM OPINION** |
| Defendant. | |

**SIMANDLE**, District Judge:

This matter is before the Court upon Defendant's motion to dismiss pursuant to Rule 37(d)(1)(A)(ii), Fed. R. Civ. P. [Docket Item 10]. THIS COURT FINDS AS FOLLOWS:

1. Plaintiff Adam Vernon Burd, proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983 against Warden Richard P. Harron, complaining that Defendant is responsible for dangerous and unsanitary conditions at the Cape May County Correctional Center ("CMCCC"), where Plaintiff is confined. (Compl. at 4.)

2. On August 8, 2008, Defendant served upon Plaintiff a set of interrogatories to be answered within thirty days.[1] By September 19, 2008, Plaintiff had not responded to Defendant's interrogatories, and Defendant wrote a letter to Plaintiff at the

---

[1] A copy of this document and the certified mail card from this mailing is attached as an unlabeled exhibit to Defendant's motion to dismiss.

CMCCC advising him that his interrogatory answers were overdue.[2] This letter was returned to Defendant by CMCCC, with the institution indicating that Plaintiff was not confined at CMCCC.[3] Plaintiff has not, to date, responded to Defendant's August 8, 2008 interrogatories.  Defendant has moved to dismiss Plaintiff's Complaint pursuant to Rule 37(d)(1)(A)(ii), Fed. R. Civ. P., on account of Plaintiff's failure to answer Defendant's interrogatories.

3.  Rule 37(d)(1) provides in relevant part that "[t]he court where the action is pending may, on motion, order sanctions if . . . a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response."  Fed. R. Civ. P. 37(d)(1).

4.  As one court recently explained:

> Pro se litigants, though generally entitled to special solicitude before district courts, are not immune to dismissal as a sanction for noncompliance with discovery [obligations].  Dismissal of a pro se litigant's action

---

[2]  See Note 1, supra.

[3]  See Note 1, supra.  In light of the fact that Defendant's letter was returned, it appears that Plaintiff has failed to comply with Local Civil Rule 10.1(a), which requires unrepresented parties to advise the Court of any change in address within five days.  The Court will direct the Clerk of the Court to mail a copy of this Opinion and Order to Plaintiff at the address mailing address listed upon the Docket, and if it is returned to the Court as undeliverable, the Court will administratively terminate this action.  See L. Civ. R. 10.1(a).

>  may be appropriate so long as a warning has been given that non-compliance can result in dismissal.

Agiwal v. Mid Island Mortg. Corp., 555 F.3d 298, 302 (2d Cir. 2009) (internal quotations and citations omitted).

   5. In light of Plaintiff's pro se status and in recognition of the principle that "'the resolution of any doubts [in the context of discovery sanctions must be] in favor of adjudication on the merits,'" Bowers v. National Collegiate Athletic Ass'n, 564 F. Supp. 2d 322, 334 (D.N.J. 2008) (quoting United States v. $8,221,877.16 in U.S. Currency, 330 F.3d 141, 162 (3d Cir. 2003)), the Court will deny Defendant's motion without prejudice to renewal in order to afford Plaintiff one final opportunity to serve answers to Defendant's interrogatories.  Plaintiff is required to serve his interrogatory answers within twenty (20) days of the entry of the Order accompanying this Opinion. Plaintiff is hereby notified that if he fails to serve his interrogatory answers in accordance with these terms, his Complaint will be subject to dismissal with prejudice upon renewal of Defendant's motion.  See Agiwal, 555 F.3d at 302.  The accompanying Order is entered.


**July 22, 2009**                               **s/ Jerome B. Simandle**
Date                                            JEROME B. SIMANDLE
                                                    United States District Judge